_____

No. 94-3589
No. 95-1083
No. 95-2364
_____

Mitsui O.S.K. Lines, Ltd.,     *
                                  *
        Appellant,          *
                                  *  Appeal from the United States
   v.                         *  District Court for the
                                  *  Eastern District of Missouri.
Itel Containers International    *
Corporation and Genstar         *       [UNPUBLISHED]
Container Corporation,         *
                                  *
        Appellees.         *

_____

Submitted:  February 12, 1996

Filed:  April 9, 1996
_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Mitsui O.S.K. Lines, Ltd., appeals the adverse grant of summary judgment by the District Court[1] in favor of Itel Containers and Genstar Container Corporation in this indemnification action arising from the contamination of a shipment of beer by a chemical named trichloranisole.

This suit originated when Anheuser-Busch (A-B) sued Crown Cork & Seal (CCS), a bottle cap company, alleging that the CCS-supplied caps were contaminated with a chemical which had damaged A-B's

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

beer.  CCS then filed third-party indemnity and contribution claims against Mitsui, the lessee of the shipping container that allegedly was the source of the contamination, and Mitsui's subsidiaries.  Mitsui and its subsidiaries next sued Itel and Genstar, lessors of the shipping container, seeking indemnity for any liability to CCS.  Itel then filed suit against Mitsui for indemnification.  Mitsui in turn counterclaimed against Itel and Genstar for indemnity or contribution, and Genstar filed a counterclaim against Mitsui seeking indemnification.  Both Itel and Genstar filed motions for summary judgment, arguing that the indemnification clause in their long-term lease agreement with Mitsui unequivocally provided for indemnification for all claims arising out of Mitsui's use of the shipping container.[2]

The District Court granted summary judgment to Itel and Genstar, concluding that the indemnification agreement protected the lessors from all claims arising out of or incident to the ownership, selection, operation, and use of the shipping container, including any claims based on the lessors' own negligence or strict liability.  The District Court awarded Itel and Genstar attorney fees, costs, and expenses, and dismissed Mitsui's counterclaim.

On appeal Mitsui argues the District Court erred in: (1) construing the lease to apply to both Itel and Genstar; (2) interpreting the lease to require indemnification in light of Mitsui's argument that Itel and Genstar were negligent and strictly liable; (3) dismissing Mitsui's counterclaim; and (4) awarding Itel and Genstar litigation expenses and attorney fees.

Having carefully reviewed the record and the arguments of the parties, we conclude no error of law appears and that summary judgment was properly granted.  Concluding also that an extended

_____

[2]All other parties originally involved in this litigation settled their claims.

-2-

opinion by this Court would lack precedential value, we affirm the judgment of the District Court for the reasons set forth in its thorough and well-reasoned opinion.  <u>See</u> 8th Cir. R. 47B.  Itel and Genstar have asked this Court to award them their costs and attorney fees on appeal.  Pursuant to Federal Rule of Appellate Procedure 39, we allow Itel and Genstar their costs.  We decline to award attorney fees.  All pending motions before this Court ordered taken with the case are denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.